# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

FILED JUL 1 3 2015 U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *
CARMEN RAMIREZ,                    *
                                   *   No. 15-361V
        Petitioner,                *   Special Master Christian J. Moran
                                   *
v.                                 *   Filed: July 13, 2015
                                   *
SECRETARY OF HEALTH                *   Dismissal; Meningococcal vaccine;
AND HUMAN SERVICES,                *   statute of limitations.
                                   *
        Respondent.                *
* * * * * * * * * * * * * * * * * *

Carmen Ramirez, pro se, Rancho Cucamonga, CA, for petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Carmen Ramirez filed a petition on behalf of her son, Luis Arroyo-Ramirez, ("Luis") under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1 to 300aa-34, on April 9, 2015. Her petition alleged that Luis suffered from postural orthostatic tachycardia syndrome ("POTS"), resulting from the receipt of the meningococcal vaccine administered to him on July 30, 2010. The undersigned dismisses the current petition because the statute of limitations has run and petitioner's claim is not subject to equitable tolling.

### I. Procedural History

In another case, Ms. Ramirez filed a petition alleging that her son suffered from POTS as a result of receiving an H1N1 vaccine. Because this vaccine is not

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

listed on the Vaccine Table, and because the petition was not filed within the time permitted by the statute of limitations, the undersigned dismissed Ms. Ramirez's September 17, 2014 petition. No. 14-866 (Feb. 13, 2015).

On April 9, 2015, Ms. Ramirez filed the current petition alleging that Luis suffers from POTS as a result of the meningococcal vaccine received on July 30, 2010, rather than the H1N1 vaccine as previously alleged. She filed three pages of medical records with her petition. These records outline the date of the vaccination, a syncopal episode which occurred in December 2013, and a 2014 second opinion regarding the POTS diagnosis noting that Luis "exhibited a number of symptoms over the last three years." Pet. at 4-6.

An initial status conference was held on May 11, 2015. During the status conference, it was noted that Ms. Ramirez had previously filed a case. Respondent indicated that she intended to file a motion to dismiss based on the statute of limitations. After the status conference, respondent was ordered to file her motion to dismiss by June 10, 2015, and petitioner a response by July 10, 2015. Order, issued May 12, 2015.

On June 4, 2015, respondent filed her motion to dismiss. In her motion to dismiss, respondent stated that the statute of limitations bars petitioner's claim. Resp't's Mot. to Dismiss at 1. Luis received the vaccination on July 30, 2010. Id. The petition stated that Luis suffered the onset of POTS "shortly after" receiving the vaccination. Pet. at 1. If correct, the cause of action accrued in August 2010, and time for filing a claim elapsed in the late summer of 2013. 42 U.S.C. § 300aa-16(a)(2).

On June 23, 2015, petitioner's response to the motion to dismiss was filed. Petitioner noted that she understood she was late in filing her claim, but reiterated that without the POTS diagnosis she could not raise a claim. Pet'r's Resp. at 1. She continued that before the vaccine she observed that her son's health was good. Id. Ms. Ramirez stated that Luis's POTS condition has taken a significant toll on both Luis and herself, indicating that she has been diagnosed with depression. Id.

## II. Analysis

Under the Vaccine Act, the petition is required to be filed prior to the expiration of 36 months after the first symptom or manifestation of onset of the alleged vaccine injury. 42 U.S.C. §300aa-16(a)(2). The statute of limitations begins to run on the date of occurrence of the first symptom of onset. Id.; Cloer v.

2

Sec'y of Health & Human Servs., 654 F.3d 1322, 1334 (Fed. Cir. 2011) (en banc). According to petitioner's medical records, the doctor's evaluations on December 10, 2013 and June 3, 2014 noted that his symptoms have been ongoing for at least three years. Pet. at 5, 6.

Petitioner explained that the delay in filing her petition resulted from the difficulty in diagnosis. Id. at 1-2. Yet, the first symptom or manifestation of onset is not always the date of diagnosis. Carson v. Sec'y of Health & Human Servs., 727 F.3d 1365, 1369 (Fed. Cir. 2013). If Luis's condition began shortly after his meningococcal vaccine on July 30 2010, the statute of limitations required this case to be filed no later than August, 2013. The petition should be dismissed because it is not timely filed.

Ms. Ramirez did not directly claim equitable tolling. However, Ms. Ramirez did note the difficulty in diagnosing her son's condition as well as the significant impact Luis's condition can have on him in the long term. Pet. at 2. An equitable tolling claim will, therefore, be considered with respect to the facts outlined in the petition. Ultimately, as equitable tolling is reserved for severe cases, often those with deception or misconduct, the tolling of the statute of limitations would be inappropriate in this case.

The equitable tolling of a statute of limitations has been allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990). There is no indication that Ms. Ramirez made any attempt at filing a claim pursuant to the Vaccine act during the relevant statute of limitations. Additionally, there has been no claim of any misconduct that prohibited Ms. Ramirez from filing a timely claim. In Cloer v. Sec'y of Health & Human Servs., the Federal Circuit held that equitable tolling may not be used to circumvent the statute of limitations in order simply to prevent the depravation of a claim, even when the depravation may be unfair. 654 F.3d 1322, 1344 (Fed. Cir. 2011).

Petitioner acknowledges that she was late in filing her claim, but argues that because Luis had not yet been diagnosed she was unable to file a timely claim when the symptoms began shortly after July 30, 2010. Pet. at 2; Pet'r's Resp. at 1. The facts and arguments in Cloer are very similar to petitioner's case. The petitioner in Cloer argued that she was unable to file a timely claim because she was not be aware of a link between her vaccination and injury, therefore she should

3

not be subject to the 36 month statute of limitations until she became aware of the link. Cloer, 654 F.3d at 1344. The Federal Circuit ruled that the statute of limitations for the Vaccine Act was consciously designed by Congress to begin at "the occurrence of the first symptom or manifestation of onset," rather than when the petitioner discovers they can file a claim. § 300aa-16(a)(2). This ruling established that the statute of limitations strictly begins to run at the onset of the injury, no matter whether the petitioner is fully aware of a causal link between a vaccination and injury. Cloer, 654 F.3d at 1345. As none of the relevant situations for equitable tolling are present, petitioner's claim is barred by the statute of limitations.

**Thus, this case is dismissed due to the statute of limitations. The Clerk shall enter judgment accordingly.**

The Clerk's Office is instructed to mail a courtesy copy of this order to Ms. Ramirez return receipt requested.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

*/s/ Christian J. Moran*
Christian J. Moran
Special Master